# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JAIME JUAREZ GUERRA,                               CASE NO. 05-CV-10291

    Plaintiff,

                                                DISTRICT JUDGE DAVID M. LAWSON
v.                                               MAGISTRATE JUDGE CHARLES E. BINDER

GREEN MEADOWS FARM,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.**     **RECOMMENDATION**

**IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim upon which relief can be granted.

**II.**     **REPORT**

    **A.**     **Introduction**

Plaintiff Jaime Juarez Guerra's *pro se* complaint was referred by U.S. District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management on November 21, 2005. (Dkt. 3.) On December 2, 2005, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted. (Dkt. 5.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Requirement**

Federal law requires the Court to screen all civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[1] Pursuant to this statute, the Court must *sua sponte* dismiss a complaint without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a "complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil*

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

2

*Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**C.     Discussion**

Plaintiff filed the instant action against his former employer, Defendant Green Meadows Farm ("Green Meadows").  He states that he was employed at Green Meadows from November 2003 until July 2004, and that his duties consisted of cleaning the stables.  The first issue Plaintiff raises in his complaint is that he was not allowed breaks during his workday:

> I was not allowed a lunch break or a break at all.  I recall grabbing a bite of food and taking only five minutes, because our work load was extremely heavy. [The supervisor] at times would find me eating and immediately would say:  Hurry and eat, because you have work to do[.]

(Compl. at 1-2.)  Plaintiff states that he was fired by one of the supervisors for taking a day off that the supervisor had allegedly pre-approved.  Plaintiff claims that since his dismissal, he has learned that the law requires that he be allowed a daily lunch break and a fifteen-minute break.

Construing these allegations liberally, I suggest that the *pro se* complaint fails to state a federal claim cognizable by this Court.  Although Plaintiff's claims call to mind the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Plaintiff has failed to state a claim under that statute because he has not asserted that he was under-compensated for the hours that he actually worked.  Indeed, the Complaint does not seek damages (such as back pay) or any other form of relief except that "justice be done."  (Compl. at 3.)  Plaintiff's claim is that he was not allowed daily breaks.  The FLSA, however, does not require that employers allow employees to take daily breaks, but instead "require[s] compensation for a meal break during which a worker performs activities predominantly for the benefit of the employer."  *Reich v. Southern New*

*England Telecomm. Corp.,* 121 F.3d 58, 64 (2d Cir. 1997).  Accordingly, Plaintiff has failed to state a federal claim for the denial of daily breaks.

Plaintiff further alleges in the complaint that he was physically assaulted, injured, and called a "filthy Mexican" by another employee; that the working conditions at Green Meadows were "poor"; and that the machinery he needed to perform his job was constantly breaking down. (Compl. at 3.)  Liberally construing these allegations as a federal claim of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, I nevertheless suggest that Plaintiff has failed to state a claim upon which relief can be granted.  Before bringing suit in federal court, a plaintiff alleging employment discrimination on the basis of race or national origin must have filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter.  42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (right-to-sue letter is a condition precedent to filing claim).  In addition, the federal court action must have been filed within ninety days of the date of the EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  This rule is strictly enforced.  *See Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).  Here, where Plaintiff has failed to plead that he complied with the condition precedent to filing a Title VII claim, I suggest that Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, I suggest that the case is subject to *sua sponte* dismissal.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: June 6, 2006                             United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Jaime Juarez Guerra and Honorable David M. Lawson.

Dated:  June 6, 2006                          By       s/Mary E. Dobbick
                                                        Secretary to Magistrate Judge Binder